IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LOUISE GILBERTSON and
NEILL GILBERTSON,

        Plaintiffs,

  vs.                                                  CIVIL NO. 99-1065 LFG

ALLIED SIGNAL, INC. et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER
## DENYING PLAINTIFFS' MOTION TO REMAND

THIS MATTER is before the Court on Plaintiffs' Motion to Remand [Doc. 9]. In accord with the district's motion practice rule, the motion, response and reply were simultaneously filed and are now ripe for adjudication.

### Preliminary Matters

Pursuant to the district's case assignment administrative order, this case was randomly selected and assigned to a magistrate judge to conduct all proceedings, including trial, if necessary. In accord with 28 U.S.C. § 636(c), and Fed. R. Civ. P. 73(b), the parties were provided with consent forms and instructions to either consent to the magistrate judge conducting proceedings in this case or, alternatively, to decline to consent. Neither party has returned the signed forms. Thus, an Article III district judge has yet to be assigned to this case.

The Court first determines whether it may act on the motion to remand. The Tenth Circuit has yet to determine whether a magistrate judge may act on a motion to remand without the consent

of the parties. However, the majority of circuits which have considered this question determine that a motion to remand is non-case dispositive under Section 636(b)(1)(A), and, therefore, comes within a magistrate judge's authority. Indeed, decisions from the First, Second, Fourth, Fifth, Sixth, Seventh, Eighth and Ninth Circuits either directly or tacitly approve of a magistrate judge handling these motions. See, e.g., Cok v. Family Court, 985 F.2d 32 (1st Cir. 1983)(28 U.S.C. § 1447(d) bars review by the court of appeals of a district judge's order granting a motion to remand whether the district judge reviewed the magistrate's order as either a final order or as a report and recommendation to which timely objections were filed); Delta Dental v. Blue Cross & Blue Shield, 942 F. Supp. 740 (D.R.I. 1996)(A motion to remand is a non-case dispositive matter and subject to the clearly erroneous or contrary to law standard of review.); Amalgamated Local 55 UAW v. Fibron Prods., Inc., 976 F. Supp. 192 (W.D.N.Y. 1997)(magistrate judge has the authority to determine a motion to remand as a non-case dispositive pretrial matter pursuant to Section 636(b)(1)(A) and Fed. R. Civ. P. 72(a)); Young v. James, 168 F.R.D. 24 (E.D. Va. 1996)(Motions to remand are non-case dispositive and are reviewed under a clearly erroneous or contrary to law standard.); Dugas v. Jefferson County, 911 F. Supp. 251 (E.D. Tex. 1995)(a motion to remand is referable to a magistrate judge as non-case dispositive); but see, Bristol-Myers Squibb Co. v. Safety Nat'l Cas. Corp., 43 F. Supp. 2d 734, 737 (E.D. Tex. 1999); see also Vaquillas Ranch Co. v. Texaco Exploration & Prod., Inc., 844 F. Supp. 1156 (S.D. Tex. 1994); and City of Jackson v. Lakeland Lounge of Jackson, Inc., 147 F.R.D. 122 (S.D. Miss. 1993)(motion to remand to a state court is non-case dispositive and may be referred to a magistrate judge).

Also in accord with this reasoning is Naragon v. Dayton Power & Light Co., 934 F. Supp. 899 (S.D. Ohio 1996)(relief sought in motion to remand is non-case dispositive); Archdiocese of

Milwaukee v. Underwriters at Lloyd's, London, 955 F. Supp. 1066, 1067 (E.D. Wis. 1997)("[G]enerally, the court would review the magistrate's decision only for clear error because a motion to remand is not a dispositive motion as defined by Fed. R. Civ. P. 72(b)."); White v. State Farm Mut. Auto. Ins. Co., 153 F.R.D. 639 (D. Neb. 1993)(a magistrate judge has authority to remand as non-case dispositive pretrial matter); see also Banbury v. Omnitrition Int'l., Inc., 818 F. Supp. 276 (D. Minn. 1993)(remand is non-case dispositive matter); MacLeod v. Dalkon Shield Claimants Trust, 886 F. Supp. 16 (D. Or. 1995)(a magistrate judge has authority to enter an order of remand as non-case dispositive matter).

Indeed, the only circuit to specifically reject a magistrate judge's authority to entertain a motion to remand is the Third Circuit. In re U.S. Healthcare, 159 F.3d 142 (3d Cir. 1998)(a remand order is dispositive for purposes of Section 636(b)(1)); and Temptations, Inc. v. Wager, 26 F. Supp. 2d 740 (D.N.J. 1998)(an order to remand to state court is dispositive, and a magistrate judge does not have authority to enter it without the consent of the parties).

The reasoning underlying the Third Circuit's decision in U.S. Healthcare was soundly rejected in Vogel v. U.S. Office Prods., 56 F. Supp. 2d 859 (W.D. Mich.1999). In that case, the court approved the magistrate judge's conclusion based on Fed. R. Civ. P. 72(a) that "[b]ecause a remand does not affect a party's claims or defenses, but only the forum in which they may be presented, a motion to remand is necessarily non-dispositive." In Vogel, the court noted that the federal magistrate statute, 28 U.S.C. § 636(b)(1)(A), contains a non-exhaustive list of dispositive motions for which magistrate judges may issue only proposed findings and recommended dispositions. They include motions for injunctive relief, judgment on the pleadings, summary judgment, motions to dismiss or quash an indictment of information, to suppress evidence in a criminal case, to dismiss or

3

permit a class action, to dismiss for failure to state a claim, and to involuntarily dismiss an action. The Vogel court concluded that a motion to remand is dissimilar to those motions listed in the magistrate judges' statute in that they terminate the case entirely or may easily result in termination through the exclusion of necessary evidence. A motion for remand, on the other hand, does none of these. It neither ends a case nor addresses the substance of a party's claims or defenses.

This Court agrees with the reasoning in Vogel. Based on the weight of authority and the Vogel assessment, this Court concludes that a motion to remand is not a case dispositive motion under Rule 72(b) and that a magistrate judge has authority pursuant to Section 636(b)(1)(A) to act on this motion.

**Parties' Contentions**

Plaintiffs initially filed their complaint in state court. However, Defendant removed this matter to the United States District Court pursuant to 28 U.S.C. § 1441, contending that the action was founded on a claim or right arising under the laws of the United States, in particular, the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA"). Defendants note that the claim arises out of a denial of disability benefits by Plaintiff's employer and by the administrator of the employer's disability plan. It is undisputed that if any of Plaintiffs' claims arise under ERISA, or are preempted by ERISA, the entire case is properly removed to federal court. 28 U.S.C. § 1441(c).

Plaintiffs argue that this is not an ERISA claim and that all of their claims arise under New Mexico's common law. Indeed, Plaintiffs have carefully avoided referencing the term "ERISA" anywhere in their complaint. Instead, Plaintiffs couch their causes of action as fraud, negligent misrepresentation, unreasonable delay, intentional infliction of emotional distress, violations of the

4

New Mexico Unfair Insurance and Trade Practices Act, bad faith and loss of consortium. Regardless of how the claims are labeled, the factual predicate in support of Plaintiffs' claims concerns the denial of benefits under an employee benefit plan. <u>See</u>, for example, allegations of fact, Plaintiffs' Complaint, Count I.

The Court need not resolve, at this juncture, whether all of Plaintiffs' claims are preempted. Rather, the Court need only determine whether Plaintiffs' claims or causes of action, regardless of how they are captioned or how artfully the complaint is drafted, concern the improper denial of benefits under an employee benefit plan, a subject specifically covered by ERISA. The gravamen of Plaintiff's complaint is that she was improperly denied an employee benefit under an employee benefit plan. Thus, this is properly an ERISA claim and Defendants were entitled to remove the complaint to federal court.

By virtue of the limited authority of magistrate judges to consider requests for remand, the Court determines that Plaintiffs' Motion to Remand should be denied. Remaining matters concerning complete preemption of Plaintiffs' common law causes of action may be raised by specific motions to dismiss and will be addressed by an Article III district court judge.

                                                    _____
                                                    Lorenzo F. Garcia
                                                    United States Magistrate Judge