**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

LOUISE GILBERTSON,

    Plaintiff,
vs.                                                                  No. CIV 99-1065 LH/LFG

ALLIED SIGNAL, INC. and LIFE INSURANCE
OF NORTH AMERICA,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

    **THIS MATTER** comes before the Court on Defendant Allied Signal's Motion to Vacate Trial Setting (Docket No. 53), filed April 1, 2001, and Defendant Life Insurance of North America's Motion to Reschedule Hearing Date, to be filed concurrently with this Memorandum Opinion and Order. The Court, having considered the Motions, the accompanying memoranda, and the applicable law, and otherwise being fully advised, finds that the Motions are well taken and will be granted.

    Defendant Allied Signal moves for vacation of the trial setting in this matter because the Court's review is limited to the administrative record currently before it. Plaintiff opposes the Motion, quoting *Kearney v. Standard Ins. Co.*, 175 F.3d 1084 (9th Cir. 1999)(en banc): "the trial court may try the case on the record that the administrator had before it," "because of a genuine issue of fact, the genuine issue of fact must be resolved by trial," and "We have affirmed bench trials on records in other cases." (Pl.'s Mem. Opp'n Def.'s Mot. Vacate Trial at 2.)

    Having reviewed *Kearney*, the Court finds that it in fact supports Defendant's position, regardless of whether the Court applies the arbitrary and capricious or *de novo* standard of review

to this case. Although the *Kearney* court speaks of a "trial," it clearly refers to a trial on the administrative record, with the "record [being] regarded as being in the nature of exhibits, in the nature of documents, which are routinely a basis for findings of fact even though no one reads them out loud." *Id.* at 1094. Thus, in such a "bench trial on the record," the district judge "reads the evidence," which is "the record the administrator had before it," retaining discretion to take additional evidence if the circumstances so require. *Id.* at 1095. This Court has no doubt that such a bench trial, entails only review of the written record, without live testimony. *Cf. id.* at n.6 ("[W]e have in numerous prior cases held that when a district judge tries a case on a written record without live testimony and makes findings of fact [as required under a *de novo* standard of review, the appellate court applies] the 'clearly erroneous' rule in reviewing the judge's findings."). Such review "is vastly less expensive to all parties, accomplishes the policies enacted as part of the [ERISA] statute, and also gives significance, which would otherwise largely evaporate, to the administrator's internal review procedure required by the statute." *Id.* at 1095.

> The Tenth Circuit issued a similar ruling in *Sandoval v. Aetna Life and Cas. Co.*:
>
> In determining whether the plan administrator's decision was arbitrary and capricious, the district court generally may consider only the arguments and evidence before the administrator at the time it made that decision. *See Perry v. Simplicity Engineering*, 900 F.2d 963, 967 (6th Cir. 1990); *Voliva v. Seafarers Pension Plan*, 858 F.2d 195, 196 (4th Cir. 1988)("[T]he court must consider only the record before the plan administrator at the time it reached its decision. [Courts should not consider or rely] upon *evidence* not part of the administrative record. [Nor should courts] consider *arguments* that do not appear in the administrative record.")(citations omitted); *Danti v. Lewis*, 312 F.2d 345, 349-50 (D.C. Cir. 1962)(court should consider only evidence and arguments before trustee). As the Sixth Circuit stated in *Perry*:
>> A primary goal of ERISA was to provide a method for workers and beneficiaries to resolve disputes over benefits inexpensively and expeditiously. Permitting or requiring district courts to consider evidence from both parties that was not presented to the plan administrator would seriously impair the achievement of that goal. If

2

>  district courts heard evidence not presented to plan administrators, employees and their beneficiaries would receive less protection than Congress intended.
> 
> *Perry*, 900 F.2d at 967 (citation omitted).

967 F.2d 377, 380 (1992)(emphasis and alterations in original).  Therefore, the Court will vacate the bench trial setting in this matter.

Defendant Life Insurance of North America moves for rescheduling of the hearing set for June 18, 2001.  Plaintiff has no objection to rescheduling, but Defendant Allied Signal requested that the hearing be reset within a few weeks of June 18th.  Within that period, Plaintiff's counsel is available only on June 26th, at which time the Court is unavailable due to previously scheduled jury trials.  The Court assumes that Allied Signal's request was based upon the July trial setting for this case and that its removal from the trial docket negates the imperative that the Motion for Summary Judgment be heard within the next several weeks.  Therefore, the Court will grant the Motion to Reschedule Hearing Date, but reset the hearing outside the time period requested.

**IT IS HEREBY ORDERED** that Defendant Allied Signal's Motion to Vacate Trial Setting (Docket No. 53), filed April 1, 2001, is **GRANTED**.  The Pre-Trial Conference scheduled on Monday, July 16, 2001 at 1:30 p.m., and the Non-Jury Trial scheduled on Tuesday, July 24, 2001 at 9:00 a.m., are **vacated.**

**IT IS FURTHER ORDERED** that Defendant Life Insurance of North America's Motion to Reschedule Hearing Date, to be filed concurrently with this Memorandum Opinion and Order, is **GRANTED**. The Motion Hearing scheduled on Monday, June 18, 2001 at 10:30 a.m. is **vacated.**

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (Docket No. 44), filed December 14, 2000, will come on for a motion hearing on **Monday, July 16, 2001, at 1:30 p.m.**, at the United States Courthouse, 333 Lomas Blvd. NW, "*Bonito*" Courtroom, 5th Floor, Albuquerque, New Mexico.

                                                                                           /s/ LeRoy Hansen
                                                                                     _____
                                                                                     **UNITED STATES DISTRICT JUDGE**